**Juan Almanza OJEDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73578.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Juan Almanza Ojeda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision summarily affirming an immigration judge's decision denying his application for suspension of deportation. We grant the petition for review, and remand for further proceedings.

An intervening change in the law requires us to remand the case. It appears from the record that Almanza Ojeda's departure in 1995 was a border turnaround or an uninformed voluntary departure, as opposed to a knowing acceptance of administrative voluntary departure. In *Tapia v. Gonzales,* 430 F.3d 997, 998 (9th Cir.2005), we concluded "that being turned away at the border by immigration officials does not have the same effect as an administrative voluntary departure and does not itself interrupt the accrual of an alien's continuous physical presence." Similarly, in *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the deportation. Accordingly, we grant the petition for review and remand for further fact-finding consistent with *Tapia* and *Ibarra–Flores.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW GRANTED; REMANDED.**